■ ARTHUR R. REYNOLDS, Respondent, v. WINFRED W. GRANGER, Appellant. — STALEY, JR., J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered October 16, 1967, in Washington County, upon a verdict rendered at a Trial Term. On March 31, 1960 plaintiff and defendant entered into a partnership agreement for the operation of a gasoline station, known as the Modernway Esso Service Center, at Glens Falls, New York. In July, 1960 the partnership purchased an additional station, known as the Rightway Esso Service Center, also in the City of Glens Falls, New York. The purchase money was contributed equally by the partners. Under the partnership agreement, net profits were to be divided equally between them, and net losses were to be borne equally by them. Subsequently, the Rightway Esso Service Center was sold and, thereafter, on January 15, 1962, the parties entered into an agreement of dissolution of the partnership. Prior to the dissolution of the partnership, the partners met for two days in the office of an attorney and checked each other's records and, after these conferences, the agreement of dissolution was prepared

and executed. The agreement provided for the sale of certain partnership assets and the distribution of others between the partners. It further provided for the assumption by the partners of partnership obligations remaining unpaid. After the dissolution of the partnership both partners made certain payments out of their own funds in satisfaction of outstanding partnership debts. Each demanded contribution from the other which has been refused. On April 8, 1965 the plaintiff commenced this action to enforce contribution from the defendant in the amount of $2,057.50, being one half of the amount alleged by the plaintiff to have been paid by him in satisfaction of the obligations of the partnership. The defendant's answer admitted the payment by the plaintiff of the sum of $1,085.60 in satisfaction of a judgment against the partners, and denied the other allegations of the complaint. In addition the answer interposed a separate defense denominated "fraud" but alleging merely that the plaintiff "wrongfully withdrew for his personal use" funds of the partnership amounting to more than $4,300 between April, 1960 and January, 1962. The defendant also alleged by way of counterclaim payment of the sum of $3,700 on behalf of the partnership by the defendant, and that one half of the same was due and owing by the plaintiff. The defendant also served a supplemental answer alleging payment to the United States Internal Revenue Service of the sum of $1,174.65 in payment of taxes owed by the partnership. The plaintiff's reply denied the allegations of fraud contained in the answer, admitted the payments alleged to have been made by the defendant in the counterclaim and, as a separate defense to the counterclaim, alleged that the defendant had been credited with such payments upon settlement of the partnership affairs. During the trial plaintiff and defendant both established that they had paid certain partnership debts which entitled each of them to contribution from the other partner. The defendant also attempted to establish that he was entitled to contribution from the plaintiff by reason of personal withdrawals from the partnership funds during the continuance of the business of the partnership, which he claimed were concealed in various ways on the check book stubs. The defendant tried to testify from a memorandum which he had made from partnership records concerning the amount of bank deposits set forth in said records but, on the objection by the plaintiff, the court denied him this right on the basis that the bank records constituted the best evidence of said deposits. The court properly dismissed the defendant's separate defense of fraud at the close of all the evidence offered on that issue. As hereinbefore indicated, the supposed defense of fraud actually contained no allegations of actionable fraud or, indeed, of fraud generally; no fraud was proven; there was no intimation of fraud in the procurement of the dissolution agreement three years before the fraud was pleaded; and, no suggestion that whatever acts were considered by defendant to have constituted fraud were not known to him when he entered into that agreement. At the conclusion of the evidence, the parties stipulated to the submission of specific questions of fact relative to the payment of partnership debts and the right to contribution as established at the trial, with a reservation of rights to the defendant as to the dismissal of the counterclaim based on fraud. The questions were answered partly in favor of the plaintiff and partly in favor of the defendant, and the court thereafter computed the amount due the plaintiff in the sum of $1,618.19 which was stipulated by both parties as being correct. The record and the consent of the parties, through their stipulations, support the verdict in favor of the plaintiff. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.